UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| STARR WALKER, | § §  § Civil Action No.: § § |
| Plaintiff, | |
| v. | § § |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | § § JURY TRIAL DEMANDED § § |
| Defendants. | § § |

## COMPLAINT

STARR WALKER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Houston, Texas.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with headquarters located at 140 Corporate Boulevard in Norfolk, Virginia, 23502.

8. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6); and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all times material herein, Defendant attempted to collect an alleged consumer debt and contacted Plaintiff in its attempts to collect that debt.

11. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, if truly an obligation owed by her, could have only arisen from a financial obligation for primarily personal, family, or household purposes.

12. Throughout August 2015, Defendant placed repeated telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged Southwestern Bell debt.

13. Defendant's originated from numbers including, but not limited to, 757-215-2370. The undersigned has confirmed this number belongs to Defendant.

14. During the initial communication with Plaintiff, she advised Defendant that she never had an account with Southwestern Bell.

15. Despite Plaintiff's indication that she never had a debt with Southwestern Bell, Defendant continued to call her.

16. Frustrated by the repeated calls, Plaintiff told Defendant to stop calling in early August 2015.

17. Plaintiff also requested that Defendant sent her something in writing showing that she owes the alleged debt.

18. However, Defendant ignored Plaintiff's request and continued to call.

19. Defendant also failed to send her anything in the mail showing that she owes the alleged debt.

20. Defendant took the actions described above with the intent to deceive and coerce payment from Plaintiff towards a debt that Plaintiff does not owe.

**COUNT I**
**DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA**

21. A debt collector violates § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt

22. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

23. Defendant violated §§ 1692d and 1692d(5), when it called Plaintiff repeatedly on her cellular telephone after being advised otherwise.

## COUNT II
**DEFENDANT VIOLATED §§ 1692e, e(2)(A) and 1692e(10) OF THE FDCPA**

24. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

25. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from falsely representing the character, amount, or legal status of any debt.

26. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27. Defendant violated §§ 1692e, 1692e(2)(A) and 1692e(10) when it sought to collect a debt from Plaintiff she does now owe.

## COUNT III
**DEFENDANT VIOLATED §§ 1692f AND 1692f(1) OF THE FDCPA**

28. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

29. A debt collector violates § 1692f(1) by collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

30. Defendant violated § 1692f when it continued to call Plaintiff after being advised that the calls were unwanted.

WHEREFORE, Plaintiff, STARR WALKER, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

      b.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.      All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

      d.      Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, STARR WALKER, demands a jury trial in this case.

Respectfully submitted,

Dated: August 28, 2015            /s/ Amy L. Bennecoff Ginsburg
                                              Amy L. Bennecoff Ginsburg
                                              Attorney-in-Charge for Plaintiff
                                              Pennsylvania Bar No. 202745
                                              Federal Bar No. 1477508
                                              Kimmel & Silverman, P.C.
                                              30 East Butler Pike
                                              Ambler, Pennsylvania 19002
                                              Phone: (215) 540-8888
                                              Facsimile: (877) 788-2864
                                              Email: aginsburg@creditlaw.com